Richardson, J.
delivered the opinion of the Court.
This was an action pf trespass for carrying off a gin¡ a Dutch fan and thresher, from the gin-house of the plaintiff. The only dispute was upon the trespass in taking the gin. The gin was attached to the running machinery, in the usual way, by a band. The plaintiff had purchased the land, on which the gin-house stood, without any proof of flotice to him, that the gin .or the fan, or the thresher, which also lay in the gin-house, were excepted, or severed from the house. On the other hand, the defendant had 'purchased the gin, fan and thresher, as moveables, and took them from the gin house. As to the fan and thresher] they v were his. But to which of the two purchasers did the gin belong? was the question. That a cotton gin in its place, i. e. connected with the running works in the gin-house, is a fixture, that passes to the purchaser of the house, was before decided in the very case. ..The same law of fixtures was before laid down in' Fairis v Walker, 1 Bail. 540. The only question therefore remaining open was this : Inasmuch as Mr. Stait, the former owner of the gin-house, bad directed the Sheriff to levy on the gin, together with the fan and thresher, and given bond for the delivery, whether such direction and conduct on the part of Stait, amounted to a severance *481 of the gin from the rest of the machinery, so as to make it personal property and no longer a fixture passing with the house. This was the question made and decided by the jury. There can be little question that the owner might have disconnected the gin, the wheels, and the entire machinery, and thus converted them, as they once were, again into personal property. In like manner a man might convert the doors and sashes, and even the bricks and boards of his house into personal property. But unless he has practically done so, the right in the purchaser to all such things as stand in their usual connection with the freehold purchased, is not to be questioned. If the mere thought or 'will, or any inchoate arrangement of the owner, so to do, were to be received as the act itself, frauds would follow. One might purchase .a lot with a fine house on it, and find the windows, doors,-sashes, mantle pieces and so on, although all in their proper places,, converted into personalty, or moveables, and his house dismantled, by the will of the seller. Not so, is the law. The intention, without the corresponding action, is unconsequéntial and leaves the house, in law, as it stands in fact. The motion is dismissed.
O’Neall, J. Evans, J. and Frost, J. concurred.

Motion dismissed.